## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AARON J. WHITMAN,**

      **Plaintiff,**

      **v.**                                  **CASE NO.  23-3029-JWL**

**Lt. Gen. MILFORD H. BEAGLE, JR.,**
**Commanding General, U.S. Army**
**Combined Arms Center, et al,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Aaron J. Whitman is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

This matter was filed as a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by a military prisoner in custody at the United States Disciplinary Barracks at Fort Leavenworth in Kansas ("USDB"). Petitioner alleged a violation of the First Amendment with respect to his religious practices at the prison.  On February 7, 2023, the Court entered an Order (Doc. 2) advising Petitioner that a  petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

The Court directed Petitioner to advise the Court as to whether or not he intends to proceed in this matter as a civil rights case. The Court's Order provided that "[i]f so, he must file his complaint on court-approved forms." (Doc. 2, at 2.)  This matter is before the Court for screening Plaintiff's Complaint (Doc. 12).

 Plaintiff brings his Complaint under 28 U.S.C. § 1331 and 5 U.S.C. § 706 as "Plaintiff, et al.," indicating that because he is being transferred, he is unable to have the purported additional Plaintiffs—David Helm and James Costigan—sign the Complaint.  (Doc. 12, at 5.)

Plaintiff claims that his First Amendment rights were violated at the USDB.  Plaintiff alleges that SDA (Seventh-day Adventist) members requested religious accommodations to allow them to have a sacred place to worship on the "Biblical Sabbath-Saturday."  *Id*. at 2. Plaintiff claims that this is a foundational tenet of his religion, and he accommodated the facilities' request to move the SDA's services to Sunday.  *Id*. at 3.

Plaintiff seeks injunctive relief in the form of an accommodation for SDA members to practice their First Amendment rights.  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition,

the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Multiple Plaintiffs

Plaintiff indicates that David Helm and James Costigan are also plaintiffs in this case. However, they have not signed the Complaint as required by the Court's local rules and the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed  . . . by a party personally if the party is unrepresented."); D. Kan. Rule 9.1(a)(3) ("The following filings must be in writing, signed, and verified (meaning sworn under penalty of perjury) . . . civil rights complaints by prisoners . . ..").

In its prior order, the Court noted that Plaintiff listed three additional plaintiffs, but "they are not addressed in the body of the request and they have not filed motions for leave to proceed in forma pauperis."  (Doc. 9, at 2.)  Neither Helm nor Costigan have filed a motion for leave to proceed in forma pauperis.

The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the

filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs"). Although courts recognize that the possibility of a transfer would make joinder infeasible, in this case, Plaintiff Whitman has in fact been transferred to a different facility.

Plaintiff cannot assert rights on behalf of other parties. It is well-settled that a claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else.

*Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  In addition, the Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  *Id.* at 1321 (citation omitted).

The Court finds that David Helm and James Costigan are not proper plaintiffs in this action.  If either party seeks to bring an action in this Court, they must file a separate, properly-signed complaint accompanied by the full filing fee or a motion for leave to proceed in forma pauperis with the required supporting financial information.  The Court will then address in each case the individual plaintiff's payment obligations under § 1915(b) and will conduct an initial review of each complaint under §§ 1915(e)(2), 1915A.

### 2. Mootness

Plaintiff seeks injunctive relief in the form of accommodations to practice his religion at the USDB.[1]  Plaintiff's request for injunctive relief is moot.  Plaintiff is no longer confined at the USDB, and is now housed at FCI Yazoo City in Yazoo City, Mississippi.  (Doc. 10.)

Because Plaintiff's request relates solely to alleged wrongdoing on the part of USDB staff, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot.  Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies.  *Rio Grande Silvery Minnow v. Bureau of*

---

[1] Plaintiff also asserts claims under 5 U.S.C. § 706.  "Section 702 waives sovereign immunity, and makes clear that suits under the APA are for equitable relief only and not for damages."  *New Mexico v. McAleenan*, 450 F. Supp. 3d 1130, 1166 (D. N.M. 2020) (citing 5 U.S.C. § 702).

*Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing."  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*.  Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.  *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at the USDB, his claims for injunctive relief are moot

and subject to dismissal.[2]  Plaintiff should show good cause why his claims should not be dismissed as moot.

## IV.  Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  If Plaintiff fails to respond by the deadline, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 8) is **granted**.  The Court assesses an initial partial filing fee of $67.50, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including **September 8, 2023,** to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 8, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[2]  The Court also notes that any request for compensatory damages would be barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted."  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) .  "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."  *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

**IT IS SO ORDERED**.

**Dated August 10, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**