## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**AARON J. WHITMAN,**

   **Plaintiff,**

   v.                                               CASE NO.  23-3029-JWL

**Lt. Gen. MILFORD H. BEAGLE, JR.,**
**Commanding General, U.S. Army**
**Combined Arms Center, et al,**

   **Defendants.**

### MEMORANDUM AND ORDER

This matter was originally filed as a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 by a military prisoner in custody at the United States Disciplinary Barracks at Fort Leavenworth in Kansas ("USDB").  Plaintiff alleged a violation of the First Amendment with respect to his religious practices at the USDB.  The Court directed Petitioner to advise the Court as to whether or not he intends to proceed in this matter as a civil rights case. The Court's Order provided that "[i]f so, he must file his complaint on court-approved forms." (Doc. 2, at 2.)

Plaintiff then filed a Complaint under 28 U.S.C. § 1331 and 5 U.S.C. § 706 as "Plaintiff, et al.," indicating that because he is being transferred, he is unable to have the purported additional Plaintiffs—David Helm and James Costigan—sign the Complaint.  (Doc. 12, at 5.) Plaintiff claims that his First Amendment rights were violated at the USDB.  Plaintiff alleges that SDA (Seventh-day Adventist) members requested religious accommodations to allow them to have a sacred place to worship on the "Biblical Sabbath-Saturday."  *Id*. at 2.  Plaintiff claims that this is a foundational tenet of his religion, and he accommodated the facility's request to move the SDA's services to Sunday.  *Id*. at 3.  Plaintiff seeks injunctive relief in the form of an accommodation for SDA members to practice their First Amendment rights. *Id*. at 5.

Plaintiff has since been transferred to FCI-Yazoo City in Yazoo City, Mississippi.  On August 10, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiff until September 8, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff was also granted until September 8, 2023, in which to submit his $67.50 initial partial filing fee.  The Court extended the response deadline to October 10, 2023 (Doc. 16), and again to November 24, 2023 (Doc. 18).

The Court found in the MOSC that the purported additional plaintiffs did not sign the Complaint as required by the Court's local rules and the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); D. Kan. Rule 9.1(a)(3) ("The following filings must be in writing, signed, and verified (meaning sworn under penalty of perjury) . . . civil rights complaints by prisoners . . ..").  The additional plaintiffs also failed to file a motion for leave to proceed in forma pauperis.  The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see*

*also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs"). Although courts recognize that the possibility of a transfer would make joinder infeasible, in this case, Plaintiff Whitman has in fact been transferred to a different facility.

The Court also found in the MOSC that Plaintiff cannot assert rights on behalf of other parties. It is well-settled that a claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). In addition, the Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel,

but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  *Id*. at 1321 (citation omitted).

The Court found in the MOSC that David Helm and James Costigan are not proper plaintiffs in this action, and if either party seeks to bring an action in this Court, they must file a separate, properly-signed complaint accompanied by the full filing fee or a motion for leave to proceed in forma pauperis with the required supporting financial information.

The Court found in the MOSC that Plaintiff seeks injunctive relief in the form of accommodations to practice his religion at the USDB.[1]  Plaintiff's request for injunctive relief is moot.  Plaintiff is no longer confined at  the USDB, and is now housed at FCI Yazoo City in Yazoo City, Mississippi.  (Doc. 10.)

Because Plaintiff's request relates solely to alleged wrongdoing on the part of USDB staff, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot.  Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies.  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing."  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*.  Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

---

[1] Plaintiff also asserts claims under 5 U.S.C. § 706.  "Section 702 waives sovereign immunity, and makes clear that suits under the APA are for equitable relief only and not for damages."  *New Mexico v. McAleenan*, 450 F. Supp. 3d 1130, 1166 (D. N.M. 2020) (citing 5 U.S.C. § 702).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.  *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at the USDB, his claims for injunctive relief are moot.[2]

The Court ordered Plaintiff to show good cause why his claims should not be dismissed as moot.  The MOSC and the Orders extending the response deadline provide that "[i]f Plaintiff

---

[2]  The Court also notes that any request for compensatory damages would be barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted."  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) .  "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."  *Id.* (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

fails to respond by the deadline, this matter may be dismissed without further notice." (Doc. 13, at 8; Doc. 16, at 1–2; Doc. 18, at 2.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed as moot. Plaintiff has also failed to submit the initial partial filing fee by the Court's deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as moot.

**IT IS SO ORDERED**.

**Dated December 1, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**